IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

SUZANNE KLEIN

     Plaintiff

v.

ALLIED VAN LINES, INC., and
AA VARCO MOVING & STORAGE, INC.

     Defendants.
_____ /

**DEFENDANTS' MOTION TO DISMISS, MOTION TO STRIKE
AND IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY
JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Defendants, ALLIED VAN LINES, INC. and AA VARCO MOVING & STORAGE, INC., by and through their undersigned counsel, file herewith their Motion to Dismiss, Motion to Strike and in the Alternative, Motion for Partial Summary Judgment and Memorandum of Law in Support Thereof, pursuant to Rule 12(b)(6), Rule 12(d) and Rule 12(f), Fed.R.Civ.P., and Rule 7.1, S.D.Fla.L.R., and state:

**BACKGROUND**

1. As alleged in paragraph 6 of the Complaint, this action arises out of an interstate shipment of Plaintiff's household goods, and as acknowledged in paragraph 2 of the Complaint, this action is governed by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. §14706.

2. The law is well established that the remedies available under the Carmack Amendment preempt the field regarding the liability of an interstate common carrier for claims

arising out of interstate shipments.  This principle has been repeatedly upheld by the Courts addressing the Carmack Amendment, including the U. S. Supreme Court, as well as this Court. *See for example,* **Hansen v. Wheaton Van Lines, Inc.,** 486 F. Supp.2d 1339 (S.D.Fla. 2006)*;* **Smith v. UPS**, 296 F.3d 1244 (11th Cir. 2002), *cert. denied* 537 U.S. 1172, 123 S.Ct. 1000, 154 L.Ed.2d 914 (2003)*;* **American Eye Way, Inc. v. Roadway Package System, Inc.**, 875 F.Supp. 820 (S.D.Fla. 1995);* **United Van Lines, Inc. v. Shooster**, 860 F.Supp. 826 (S.D.Fla. 1992); **Underwriters at Lloyds of London v. North American Van Lines**, 890 F.2d 1112 (10th Cir. 1989); **Hughes v. United Van Lines, Inc.**, 829 F.2d 1407 (7th Cir. 1987), *cert. denied*, 108 S.Ct. 1068 (1988); **Sylgab Steel and Wire Corp. v. Strickland Transportation Co., Inc.**, 270 F.Supp. 264 (E.D.N.Y. 1967); **Peyton v. Railway Express Agency, Inc.**, 316 U.S. 350, 62 S.Ct. 1171 (1942); **Atchison, Topeka & Santa Fe Railway v. Harold**, 241 U.S. 371, 36 S.Ct. 665 (1915); **Adams Express Co. v. Croninger**, 226 U.S. 491, 33 S.Ct. 148 (1913).

### MOTION TO STRIKE ALLEGATIONS AS TO SHIPPING DOCUMENTS AND/OR MOTION FOR SUMMARY JUDGMENT AS TO LIMITATION OF LIABILITY BASED UPON $0.60 PER POUND

3. Although Plaintiff has properly identified her claim as arising under the Carmack Amendment, 49 U.S.C. §14706, she has distorted the existence and effect of the various shipping documents that were issued with regard to the transactions described in the Complaint.

4. In her Complaint, Plaintiff refers to a series of shipping documents that she signed during the period from January through August of 2013, none of which were attached as exhibits to her pleading. In an effort to clarify the record in light of Plaintiff's inaccurate allegations as to the shipping documents, Defendants have attached hereto as Composite Exhibit "A" copies of each of these Estimates and Bills of Lading that were signed by Plaintiff. These documents consist of two (2) Estimates/Orders for Service and three (3) separate Bills of Lading, all of which were signed by

Plaintiff.  As a review of said documents demonstrates, Plaintiff repeatedly released her shipment at the basic valuation based upon $0.60 per pound, per article.

5. Plaintiff also acknowledges in paragraphs 18 and 19 of the Complaint that she signed an estimate for her move from Florida to Malibu, California, a copy of which is attached hereto as Exhibit "B".  However, Plaintiff goes on to state in paragraph 21 of the Complaint that a bill of lading was never issued for that move.  Contrary to said allegations, and as Plaintiff is well aware, a bill of lading was indeed issued for the move from Florida to Malibu, California, and that consistent with all of the other shipping documents signed by Plaintiff, the shipment was again released at the basic valuation based upon $0.60 per pound, per article.  However, and as Plaintiff is also well aware, she refused to sign the bill of lading when it was presented at the time of delivery, which was noted on said document. A copy of the Bill of Lading issued for the move from Florida to California is attached hereto as Exhibit "C".

6. It is apparent that Plaintiff has misrepresented the facts in an effort to avoid the $0.60 per pound limitation of liability to which she is bound.  To begin with, the fact that Plaintiff did not sign the bill of lading does not render it ineffective.  The law is clear that the shipper's signature is not required under the Carmack Amendment for the enforcement of an interstate bill of lading.  See for example, ***State Farm Fire & Casualty, Co. v. United Van Lines, Inc.,*** 825 F.Supp. 896 (N.D.Cal. 1993); ***Thornton v. Philpot Relocation Systems,*** 2010 U.S. Dist. LEXIS 8609 (E.D. Tenn. 2010).

7. The attached shipping documents clearly demonstrate that Plaintiff was well aware of the opportunity to declare a higher value for an additional charge, and that she repeatedly and consistently failed to do so.  In light of the course of dealing between the parties hereto, the law is clear that Plaintiff is bound by the $0.60 per pound per article limitation of liability.  See for

example, *The Boeing Co., v. U.S.A.C. Transport, Inc.,* 539 F.2d 1228 (9th Cir. 1976) (wherein the shipper was bound by the limitation of liability based on the course of dealings between the parties, even though bill of lading was not issued until after the shipment commenced); *Marohn v Burnham Van Services, Inc.,* 478 F.Supp. 49 (N.D.Ill. 1988) (a carrier's limitation of liability was binding, even though it may be grossly disproportionate to the actual value of the shipment).

8. Additionally, it has been held that an "Interstate Order for Service" (Exhibit "B" hereto), "which contained the agreed upon terms of the contract for carriage, constituted a "receipt" issued prior to the shipment" . *Hoskins v. Bekins Van Lines, Inc.,* 343 F.3d 769, 779 (5th Cir. 2003). The Court in *Hoskins* went on to hold that:

> It is apparent from the record in this case that the documented entities Interstate Order for Service represented the salient terms of the contract for carriage.
> . . .
> Under these facts we find that the Interstate Order for Service operated as a receipt issued prior to the shipment, thus, Hoskins is bound by the limitation of liability she agreed to prior to the shipment.

See also, *Johnson v. Bekins Van Lines, Co.,* 808 F.Supp.545, (E.D. Tex. 1992) (concluding that an interstate order for service qualified as a "receipt"**),** aff'd 995 F.2d 221 (5th Cir. 1993)**,** cert. denied, 510 U.S. 997, 126 L.Ed.2d 422, 114 S.Ct. 471 (1993).

A review of the Estimate/Order for Service attached hereto as Exhibit "B" demonstrates, all of the salient terms of the shipment were contained in said document.

9. As the shipping documents attached hereto demonstrate, Plaintiff had full knowledge of her ability to increase the valuation of her shipment at an additional charge, and that the rate was dependent on the valuation declared. At no time prior to the delivery of said shipment did Plaintiff ever notify Defendants of a higher valuation, nor has such an allegation been made. Therefore, Plaintiff indisputably assented to the California-bound shipment being released at a valuation based upon $0.60 per pound. As noted by the United States Supreme Court:

> Having accepted the lower rate dependant upon the benefit of the specified valuation, the respondent is estopped from asserting a higher value. To allow him to do so would be violate the plainest principles of fair dealing. To permit such a declared valuation to be overthrown by evidence aliunde the contract, for the purpose of enabling a shipper to obtain a recovery in a suit for loss or damage in excess of the maximum valuation thus fixed, would both encourage and reward undervaluations and bring about preferences and discriminations forbidden by the law. Such a result would neither be just nor conducive to sound morals or wise policies.

*American Railway Express, Co. v. Linderburg*, 260 U.S. 584, 592, 43 S.Ct. 206, 209, 67 L.Ed. 414 (1923).

10. It should be noted that the items shipped to California were among the very items that Plaintiff had previously released at $0.60 per pound in the shipping documents attached hereto as Composite Exhibit "A", and it is disingenuous on the part of Plaintiff to now assert that they have a substantially higher value. Accordingly, and notwithstanding Plaintiff's distorted presentation of the facts, she is bound by the terms and conditions of each of the duly issued shipping documents, including the $0.60 per pound limitation of liability.

11. It is based upon the foregoing, together with the clear and unambiguous shipping documents attached hereto that Defendants move for a partial summary judgment as to the $0.60 per pound limitation of liability. In the alternative, Defendants move to strike those allegations in the Complaint that contravene and misrepresent the effect of the shipping documents pursuant to Rule Rule 12(f), Fed.R.Civ.P. as impertinent, insufficient and scandalous.

**AA VARCO MOVING & STORAGE, INC. IS AN IMPROPER PARTY**

12. As alleged in paragraphs 11 and 12 of the Complaint, at all times material hereto AA VARCO MOVING & STORAGE (hereinafter "VARCO") was acting in its capacity as agent of ALLIED VAN LINES, INC. (hereinafter "ALLIED").

13. The law is clear that in a situation such as this, any and all liability lies with the disclosed principal, and not the agent. ***Segurois Banvenez, S.A. v. S/S Oliver Drescher***, 761 F.2d 855 (2nd Cir. 1985); ***U.S. v. Diez***, 428 F.Supp. 1028 (E.D.La. 1977); ***R.C. Craig Ltd. v. Ships of Sea, Inc.***, 345 F.Supp. 1066 (S.D.Ga. 1972); ***Valkenburg, K-G v. The S.S. Henry Denny***, 295 F.2d 330 (7th Cir. 1961).

14. This principle has been incorporated within 49 U.S.C. §13907(a) of the Interstate Commerce Act, which states:

> "**Carriers responsible for agents**. -Each motor carrier providing transportation of household goods shall be responsible for all acts or omissions of any of its agents which relate to the performance of household goods transportation services (including accessorial or terminal services) and which are within the actual or apparent authority of the agent from the carrier or which are ratified by the carrier."

15. Plaintiff has further alleged in paragraph 9 of the Complaint that ALLIED is an interstate motor carrier. Accordingly, the record before this Court clearly demonstrates that VARCO was merely acting in the capacity as agent of ALLIED, an interstate motor carrier, and therefore, should be dismissed as an improper party to this action.

**MOTION TO DISMISS AND/OR STRIKE CLAIM FOR CONSEQUENTIAL DAMAGES**

16. Defendants further move to dismiss and/or strike Plaintiffs claim for consequential damages. Not only has Plaintiff failed to allege any basis that would support such an award, but special damages are not recoverable in an action such as this.

17. The rule enunciated in the case of ***Hadley v. Baxendale***, 9 Ex.341,345 (1854) is alive and well, and applies to actions such as this, arising under the Carmack Amendment. See for example, ***Turner's Farms, Inc. v. Maine Central Railroad Co.,*** 486 F.Supp. 694 (D. Maine 1980); ***Illinois Central Gulf Railroad Co. v. Southern Rock, Inc.***, 644 F.2d 1138 (5th Cir. 1981); ***Furniture***

*Company of California v. East Texas Motor Freight Lines, Inc.*, 661 F.2d 761 (9th Cir. 1981); *Hector Martinez and Co. v. Southern Pacific Transport Co.,* 606 F.2d 106 (5th Cir.) cert. den., 446 U.S. 986, 100 S.Ct. 2962, 64 L.Ed. 2d 838 (1980).  The foregoing cases demonstrate that consequential or special damages are recoverable **only** when such damages were in the contemplation of the parties at the time the subject contract was entered into, and that the carrier was then informed that such damages would likely result. *Turner's Farms, Inc. v. Maine Central Railroad Co.*, *supra* at 699.

18.     This is clearly consistent with the provision of the Carmack Amendment that specifically states that the liability imposed as against an interstate common carrier is limited to the "***actual loss*** or injury to the property" 49 U.S.C. 14706(a)(1) (emphasis added).  This principle has been repeatedly upheld by the Courts of this State as well as the United States Supreme Court.  See for example, *Emery Air Freight v. Cornil*, 414 So.2d 1167 (Fla. 5 DCA 1982);  *Atlantic Coast Lines v. Riverside Mills*, *supra; AAAcon Auto Transport, Inc. v. Megna***,** 285 So.2d 44 (4 DCA 1973); *Missouri P.R. Co. v. Harper Bros,* 201 F. 671 (7th Cir. 1912).

19.     No such damages were contemplated by the parties, and the Complaint is devoid of any such allegation. Accordingly, Defendants move to dismiss and/or strike Plaintiff's claim for special or consequential damages.

## MOTION TO DISMISS AND/OR STRIKE ATTORNEY'S FEES

20.     Defendants also move to dismiss and/or strike Plaintiff's claim for attorney's fees in that such an award is not recoverable as against an interstate carrier.  See for example, *Acura Motor Systems, Inc. v. Watkins Motor Lines, Inc.*, 98 F. 3d 874 (5th Cir. 1996); *Emery Air Freight v. Cornil*, *supra*; *Atlantic Coast Line R.R. v. Riverside Mills*, 219 U.S. 186 31 S.Ct. 164 (1911);

*Fornel v. Florida East Coast Railway Co.*, 61 So. 194 (1913); *Missouri P.R. Co. v. Harper Bros.*, 201 F. 671 (7th Cir. 1912).

21. This is clearly consistent with the provision of the Carmack Amendment that specifically states that the liability imposed as against an interstate carrier is limited to the "***actual loss or injury to the property***" 49 U.S.C. §14706(a)(1) (emphasis added). This issue was addressed by the U.S. District Court for the Middle District of Florida in ***Fine Foliage of Florida v. Bowman Transportation, Inc.***, 698 F.Supp. 1566 (M.D.Fla. 1988), wherein the Court specifically held:

> "There is no provision for attorneys fees under the Carmack Amendment. The well established rule is that 'each party in a lawsuit ordinarily shall bear its own attorneys fees unless there is express statutory authorization to the contrary. Accordingly, Plaintiff is not entitled to attorneys fees under the Carmack Amendment."

698 F.Supp. at 1576 (M.D.Fla. 1988) (citations omitted).

22. The Florida Supreme Court held that an award of attorney's fees was properly stricken as against an interstate common carrier where the action was governed by the Carmack Amendment. ***Fornel v. Florida East Coast Railway Co.***, *supra*. The Court further held that any and all state statutes attempting to regulate the liability of intrastate carriers were not applicable to an interstate common carrier. In fact, the Florida Supreme Court specifically acknowledged the doctrine of preemption in cases such as this by the following language:

> "To hold that the liability therein declared may be increased or diminished by local regulation or local views of public policy will either make the provision less than supreme or indicate that Congress has not shown a purpose to take possession of the subject. The first would be unthinkable, and the latter would be to revert to the uncertainties and diversities of rulings which led to the amendment. The duty to issue a bill of lading and the liability thereby assumed are covered in full, and, though there is no reference to the effect upon state regulation, it is evident that Congress intended to adopt a

uniform rule and relieve such contracts from the diverse regulation to which they had been theretofore subject."
61 So. at 197.

As the foregoing demonstrates, there is no basis for attorney's fees under the Carmack Amendment in that such a claim is specifically preempted. Furthermore, Plaintiff has failed to allege any basis to support an award of attorney's fees under any other statute.

23. It is based upon that foregoing that Defendants move this Honorable Court for the following:

    a. To dismiss or strike Plaintiff's reference to a Bill of Lading not being issued for her move from Florida to Malibu, California, or in the alterative, for the entry of a partial summary judgment in favor of Defendants based upon the $0.60 per pound limitation of liability;

    b. To dismiss AA VARCO MOVING & STORAGE, INC. as in improper party to this action;

    c. To dismiss and/or strike Plaintiff's claim for consequential damages;

    d. To dismiss and/or strike Plaintiff's claim for attorney's fees;

    e. To grant any and all other relief that this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court via CM/ECF on this 5th day of November, 2014. I also certify that the foregoing document is being served on all counsel of record or pro se parties identified on the following service list in the manner specified, either via transmission of Notices of Electronic Filing generated or in some other authorized manner for those counsel of parties who are not authorized to receive Notices of Electronic Filing.

By:  /s/ HEIDI M. ROTH
Heidi M. Roth, Esquire
Florida Bar No.: 356034
Heidi M. Roth, P.A.
Attorneys for ALLIED and VARCO
2525 Ponce de Leon Blvd, Suite 300
Coral Gables, Florida  33134
E-mail:  heidirothpa@aol.com
Telephone: (305) 445-8840
Telecopier: (305) 446-7566

**SERVICE LIST**

**Thomas U. Graner, Esquire**
**Graner Platzek & Allison, P.A.**
Attorneys for Plaintiff
720 East Palmetto Park Road
Boca Raton, FL 33432
E-mail: tom@granerlaw.com
Telephone: (561) 750-2445
Telecopier: (561) 750-2446